## JOHN CHUBB v. JACKSON GRIFFIN.

See this case as to the admissibility of evidence in an action for malicious prosecution.

Appeal from Harris. Action by appellant against appellee for malicious prosecution. The judgment appealed from was rendered at the Spring Term, 1852.

*H. N. & M. M. Potter* and *J. W. Henderson*, for appellant.

WHEELER, J. For the purpose of proving the prosecution by the defendant, the plaintiff offered in evidence the affidavit made by the defendant before a Justice of the Peace of Liberty County, to obtain a warrant for the arrest of the plaintiff, charging him with the crime of larceny, and the warrant issued thereon by the Justice for his apprehension ; after proving the signature of the defendant to the affidavit, and the signature of the Justice who issued the warrant, and that he was at the time an acting Justice of the Peace, and is since dead, also the indorsement of the warrant by a Justice of the Peace of Galveston County, and the return of the Sheriff showing the arrest of the plaintiff. He also offered in evidence a duly certified copy of the indictment and proceedings thereon in Liberty County, showing that the plaintiff had been there indicted for larceny upon the testimony of the defendant and and another, and his arrest, recognizance, arraignment and plea of not guilty, and a change of venue for the trial of the cause to the county of Harris. He also offered to prove by a witness the agency of the plaintiff in carrying on the prosecution ; that he employed counsel to assist in the prosecution,

who did assist to prosecute the plaintiff at the trial in the District Court of Harris county; and that the defendant was the only witness who testified upon the trial. And to prove that the prosecution was at an end, the plaintiff offered in evidence the record of his acquittal, by a verdict of "not guilty," and the judgment of the Court thereon discharging the plaintiff without day. All this with other evidence, proposed by the plaintiff for the purpose of proving the groundlessness of the prosecution, and the expenses incurred by the plaintiff in conducting his defence therein, being objected to by the defendant, was excluded by the Court.

The grounds of objection to the evidence do not appear by the bill of exceptions. Nor are we informed by the record, or by argument for the appellee, oral or written, for what cause the proposed evidence was rejected. Upon a careful examination of the record we have not been able to perceive any valid objection to its admissibility, and are of opinion that there was error in excluding it from the jury. (See 2 Greenl. Ev. Sec. 449, 450, 451 *et seq.*) The judgment is therefore reversed and the cause remanded.

Reversed and remanded.